IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCK PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-01332-RGA |
| | ) |
| OFFICER SEAN RYAN, OFFICER CORY BEST, OFFICER LYNDA SCELSI and NEW CASTLE COUNTY, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff filed a seven-count complaint against Defendants Officer Sean Ryan, Officer Cory Best, Officer Lynda Scelsi and New Castle County. (D.I. 1). In Counts I and VI, Plaintiff claims excessive force, false arrest, false imprisonment and malicious prosecution against all three officers under 42 U.S.C. § 1983. (*Id.* at ¶¶ 17-19, 33-34). In Count II, Plaintiff claims deprivation of federally protected rights under the Fourth Amendment against all three officers. (*Id.* at ¶¶ 20-22). In Count VII, Plaintiff claims intentional infliction of emotional distress against all three officers. (*Id.* at ¶¶ 35-36). Plaintiff includes separate counts against Officer Ryan for assault and battery (Count IV), and against Officer Best and Officer Scelsi for failure to intervene (Count V). (*Id.* at ¶¶ 28-32). In Count III, Plaintiff claims failure to train, supervise and discipline against New Castle County under 42 U.S.C. § 1983 as interpreted by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* at ¶¶ 23-27).

Pending before the Court is Defendants' Motion for partial dismissal of the Complaint. (D.I. 10). Defendants seek dismissal of all claims in Count I except excessive force, all claims in

1

Counts II and III, all claims against Officer Scelsi, and all claims in Count VII. (D.I. 10-1). The issues have been fully briefed. (D.I. 11, 14, 15). For the reasons set forth below, Defendants' Motion is GRANTED. Count III is DISMISSED WITHOUT PREJUDICE. All other claims addressed in the Motion are DISMISSED WITH PREJUDICE.

## I. BACKGROUND

On January 17, 2015, Plaintiff Rock Peters was pulled over by Officer Ryan while driving on Lancaster Pike in Wilmington, Delaware. (D.I. 1 at ¶¶ 8-9). Peters exited his vehicle to talk to Officer Ryan because Peters was driving a Jeep that did not have "pull down windows." (*Id.* at ¶ 9). When Officer Ryan asked for identification, Peters began to retrieve his wallet from his jacket pocket. (*Id.* at ¶ 10). Officer Ryan then struck Peters in the face, causing fractures to his nose and cheek. (*Id.* at ¶ 11). Peters fell to the ground where Officer Ryan choked him and then kneed him in the back, causing three fractured ribs. (*Id.* at ¶¶ 12-13). Officer Best and Officer Scelsi witnessed the encounter and did not intervene and stop Officer Ryan. (*Id.* at ¶ 14). All three officers then arrested Peters. (*Id.* at ¶ 15). Peters was transported to Christiana Hospital in an ambulance. (*Id.*). The officers charged Peters with Reckless Endangerment, Resisting Arrest, Failure to Obey an Authorized Person Directing Traffic and Failure to Use a Turn Signal. (D.I. 1 at ¶ 16 and D.I. 11 at 11). Peters was convicted in the New Castle County Court of Common Pleas of all charges except Reckless Endangerment. (D.I. 11 at 11).

## II. STANDARD OF REVIEW

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint

2

as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

#### A. Counts I, II, V, VI and VII

The following claims were implicitly waived by Peters in his reply brief: (1) all claims in Count I except excessive force; (2) all claims in Count II; (3) all claims against Officer Scelsi; and (4) all claims in Count VII. When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-

3

movant. *See Market v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 756, 773 (E.D. Pa. 2011) (citing *Lawlor v. ESPN Scouts, LLC*, No. 2:10-cv-05886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue.")). In this case, Peters responded to Defendants' Motion only in regards to Count III. (D.I. 14). Therefore, Peters has abandoned all other claims challenged by Defendants in their Motion.

### B. Municipal Liability for Failure to Train, Supervise and Discipline (Count III)

Count III is dismissed without prejudice because Peters failed to allege facts sufficient to raise a plausible claim. Municipal liability under § 1983 may be based on inadequate training "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," and that deliberate indifference is the moving force of the violation of the plaintiff's federally protected right. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 409 (1997)).

Peters alleges that Defendant "New Castle County and its Police Department were on actual notice of a need to train, supervise, discipline or terminate its defendant officers prior to the incident in question as other similar incidents of illegal assaults and excessive force have occurred in the past involving defendants Ryan, Best and Scelsi." (D.I. 1 at ¶ 27). Although Peters alludes to prior incidents of officer misconduct, this blanket assertion standing alone is not enough to raise a plausible *Monell* claim. In order to survive a motion to dismiss, Peters needs to

4

allege specific facts identifying and describing these prior incidents. For example, Peters chould include in his allegations a description of when the prior incidents occurred and the method of force used by the actual officers in question. *See Simpson v. Ferry*, 202 F. Supp. 3d 444, 455 (E.D. Pa. 2016) (denying defendants' motion to dismiss *Monell* claim when plaintiff alleged multiple prior violent encounters in which officer "aggressively slammed him up against walls . . . and struck him in the head with a flashlight"). Without at least some factual allegations to support the "bald assertion" of prior "similar incidents of illegal assaults and excessive force," Count III of the Complaint fails to state a claim for relief.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion for partial dismissal of the Complaint (D.I. 10) is **GRANTED**. Count III is **DISMISSED WITHOUT PREJUDICE**. All claims in Count I except excessive force, all claims in Count II, all claims against Officer Scelsi, and all claims in Count VII are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 13 day of April, 2017.

*Richard G. Andrews*
United States District Judge

5